TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0034-KB

IN RE: LEILA LOUISE HALE

IN SUPREME COURT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) Office of Bar Counsel (OBC) requests this Court to enter an order publicly reprimanding Leila Louise Hale, reciprocal discipline to that Hale received by the State Bar of Nevada, Southern Nevada Disciplinary Board (Nevada Disciplinary Board).[1] Hale was admitted to the practice law in this Commonwealth on October 30, 2013. Her KBA Member Number is 95811, and her bar roster address is 1661 West Horizon Ridge Parkway, Suite 200, Henderson, Nevada, 89012. Pursuant to Kentucky Supreme Court Rule (SCR) 3.435, reciprocal disciple is imposed.

---

[1] Hale received reciprocal discipline in another case before this Court, 2023-SC-0165-KB. In that case, on April 14, 2023, this Court issued an order for Hale to show cause why she should not be publicly reprimanded by this Court, for the discipline issued by the Nevada Supreme Court by order dated February 17, 2023. The Nevada Supreme Court publicly reprimanded Hale after finding she violated Nevada Rules of Professional Conduct 1.15 (safekeeping property) based on her prematurely taking attorney fees from client funds held in trust and failing to promptly disburse the remaining funds held in trust after negotiating all the relevant medical liens; and 1.16 (terminating or declining representation) based upon Hale's continued failure to disburse remaining settlement funds after the client terminated her. Hale did not respond to the order and this Court publicly reprimanded Hale by order dated August 24, 2023.

On January 29, 2024, the OBC moved this Court to enter an order directing Hale to show cause why she should not be subject to reciprocal discipline after being publicly reprimanded by the Nevada Disciplinary Board, and if this Court found such cause lacking, to enter an order imposing identical discipline. On March 14, 2024, pursuant to SCR 3.435(2)(b), this Court ordered Hale to show cause why she should not be subject to reciprocal discipline. Hale filed a timely response, expressing her understanding and willingness to comply with the process of reciprocal discipline; Hale did not provide a reason why reciprocal discipline should not be imposed. The basis for the reciprocal discipline follows.

On August 11, 2023, the Nevada Disciplinary Board issued a Public Reprimand against Hale for violating Nevada Rule of Professional Conduct (RPC) 1.7(a)(2)[2](conflict of interest: current clients) and RPC

_____

[2] RPC 1.7 states in full:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) The representation of one client will be directly adverse to another client; or
(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
(1) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) The representation is not prohibited by law;
(3) The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) Each affected client gives informed consent, confirmed in writing.

2

1.15(a)[3](safekeeping property).  The violations stemmed from Hale's representation of two, unrelated, automobile accident personal-injury clients.  In preparation for arbitration and trial, Hale Injury Law (HIL) employed a doctor as a medical expert to opine on these clients' injuries and provide expert reports for them.  The doctor charged fees of $12,760 to one client and $17,125 to the other client for his services as an expert witness.  Hale was in a long-term relationship with the doctor while HIL represented the two clients.  Hale did not disclose the relationship, explain the potential harm, and did not obtain their informed consent regarding the conflict of interest.[4]

Later, one of HIL's associates left HIL.  The two clients transferred their cases with that associate.  HIL then filed liens against the recoveries in both cases, which included reimbursement for expert fees to the doctor.

Hale further directed her bookkeeper to issue a check from her IOLTA[5] to pay the doctor for these two cases and other cases in which he had provided

---

[3] RPC 1.15(a) states:

A lawyer shall hold funds or other property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.  All funds received or held for the benefit of clients by a lawyer or firm, including advances for costs and expenses, shall be deposited in one or more identifiable bank accounts designated as a trust account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person.  Other property in which clients or third persons hold an interest shall be identified as such and appropriately safeguarded.  Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

[4] Hale had disclosed the relationship to and obtained informed consent from other clients.

[5] Interest on Lawyers' Trust Accounts.

3

expert services and had treated clients of HIL on a lien basis. Hale did not have money in her IOLTA at any time for one of these cases and had insufficient money in her IOLTA for the other case. Although Hale directed her bookkeeper to transfer money from the cost account to the IOLTA account to cover the check to the doctor, the bookkeeper did not do so.

As to RPC 1.7(1)(a)(2), the Board concluded that Hale's relationship with the doctor posed a significant risk of materially limiting her responsibilities to the two clients, creating a conflict of interest; that the relationship could have influenced her treatment of the doctor, such as using client funds to pay him instead of advancing her own funds to do so; and Hale failed to obtain informed consent from the two clients regarding this conflict as required by RPC 1.7(b). As to RPC 1.15(a), which mandates that lawyers keep client funds and other property safe and separate from their own, the Board concluded that Hale's act of paying the doctor from her IOLTA for the two clients placed other clients' monies at risk.[6]

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to impose the identical discipline unless the attorney proves by substantial evidence:

> (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

---

[6] The Board explained that while Hale wished to simplify payment to the doctor with one check, the best practice is to advance costs from a separate cost account and pay liens after recovery from the IOLTA because paying a provider from an IOLTA for multiple clients, both pre-recovery and post recovery, creates a risk of commingling firm and client property and a risk of misappropriating other client property from the IOLTA.

(b) that misconduct established warrants substantially different discipline in this State.

This Court is required to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. SCR 3.435(4)(c). Nevada's Rules of Professional Conduct 1.7(1)(a)(2) and 1.15(a), respectively, are similar to Kentucky Supreme Court Rules 3.130(1.7)(a)(2)[7] and 3.130(1.15)(a).[8] Because Hale has been disciplined by the Nevada Disciplinary

---

[7] SCR Rule 3.130(1.7) states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing. The consultation shall include an explanation of the implications of the common representation and the advantages and risks involved.

[8] SCR 3.130(1.15)(a) states:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and

5

Board, because Hale's actions are also governed by the Rules of Professional Conduct in this Commonwealth, and because Hale has not shown cause why she should not receive reciprocal discipline, reciprocal disciple is warranted. Pursuant to SCR 3.435(4), this Court grants the OBC's motion.

It is ORDERED that:

1. Pursuant to SCR 3.435(4), Leila Louise Hale is publicly reprimanded for her violation of the Nevada Rules of Professional Conduct and the Kentucky Rules of Professional Conduct.

2. Pursuant to SCR 3.450, Leila Louise Hale is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 13, 2024

_____
CHIEF JUSTICE

---

other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

6